THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEX IVANOV, individually,<br>Plaintiff,<br>v.<br>THE BOEING COMPANY, a corporation,<br>Defendant. | Case No. 2:26-cv-02198-JNW<br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. CONFIDENTIAL MATERIAL



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

Material designated "Confidential" includes any materials or information (regardless of how it is generated, stored, or maintained) or tangible things containing: (1) material the designating party is required by contract or state or federal law to keep confidential; (2) personally identifying information that is required to be redacted from court records pursuant to LCR 5.2 or other applicable court rule, statute or the Rules of Professional Conduct; (3) medical information or records; (4) employee personnel records or other sensitive personnel information, such as phone numbers, addresses, social security numbers, payroll records, wage and salary information, evaluation materials, complaints involving third-parties, and investigation files; (5) accounting information or tax records; (6) confidential and/or proprietary business information and trade secrets of The Boeing Company contained in documents describing, discussing or reporting on Boeing's workplace investigations and investigatory findings, including confidential information of third parties such as current or former Boeing employees who are not a party to this lawsuit; and (7) other confidential research, development, or commercial information that is not readily ascertainable outside of this litigation and which the designating party has taken reasonable steps to maintain its confidentiality.

3. SCOPE

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting,



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the parties as well as the parties' officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall include their agreement not to divulge any Confidential Material to any other person, their agreement not to use any Confidential Material for any purpose other than this litigation, their consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and their agreement to return to the disclosing attorney (the attorney who retained and disclosed the expert) within thirty (30) business days after termination of this litigation (i) all documents and other material containing designated Confidential Material received by them and all copies thereof, and (ii) all reports, correspondence and other tangible things in their possession or control which contain any Confidential Material disclosed to such expert or consultant;

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may not be disclosed to anyone except as permitted under this agreement;

(h) mediators or other persons engaged in alternative dispute resolution; and

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Filing Confidential Material. Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the "Confidential" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING CONFIDENTIAL MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clearly so designated before or when that material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

after reviewing the transcript. Any party or non-party may, within fifteen (15) calendar days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." If a party or non-party desires to designate Confidential Material at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of Confidential Material at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding Confidential Material or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner,



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain its designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

7. CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures,



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

(b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE CONFIDENTIAL MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. TERMINATION OF ACTION

The obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. After termination of this action, whether by settlement or resolution of the action through legal proceedings, counsel for the receiving party is entitled to retain a single copy of Confidential Material in their litigation file. All other copies must be destroyed within 30 business days of termination.

11. EFFECT OF STIPULATION

Once all parties have agreed to this Stipulation, it shall be treated by the parties as an Order of Court until it is formally approved by the Court.



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 17th day of November 2026.

**DICKERSON DAVIS AHMED, PLLC**

By: Mark Davis

Mark K. Davis, WSBA #38713
100 Second Ave S., Suite 190
Edmonds, WA 98020
Phone: (425) 776-1352
Fax: (425) 776-2467
Email: mark@lawdda.com

*Attorney for Plaintiff Alex Ivanov*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: ____________________

Laurence A. Shapero, WSBA #31301
Julia N. Brown, WSBA #63306
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: 206-693-7057
Fax: 206-693-7058
Email: laurence.shapero@ogletree.com
julia.brown@ogletree.com

*Attorneys for Defendant The Boeing Company*

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: November 18, 2026.

THE HONORABLE JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

*Presented by:*

**DICKERSON DAVIS AHMED, PLLC**

By: Mark Davis
Mark K. Davis, WSBA #38713
100 Second Ave S., Suite 190
Edmonds, WA 98020
Phone: (425) 776-1352
Fax: (425) 776-2467
Email: mark@lawdda.com

*Attorney for Plaintiff Alex Ivanov*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:
Laurence A. Shapero, WSBA #31301
Julia N. Brown, WSBA #63306
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: 206-693-7057
Fax: 206-693-7058
Email: laurence.shapero@ogletree.com
julia.brown@ogletree.com

*Attorneys for Defendant The Boeing Company*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________ [print or type full name], of ________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Ivanov v. Boeing*, Case No. 2:26-cv-02198-JNW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:______________________

City and State where sworn and signed:_________________________

Printed name:________________

Signature: ___________________



DICKERSON DAVIS AHMED, PLLC
ATTORNEYS AT LAW
100 SECOND AVENUE S., SUITE 190
EDMONDS, WASHINGTON 98020
TEL (425) 776-1352 FAX (425) 776-2467